# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA LEONARD,            )
                            )
    Plaintiff,              )
          v.            )  **Civil No. 14-399**
                            )
**TRACTOR SUPPLY CO., et al.**  )
                            )
    Defendants.             )

## Opinion and Order

Plaintiff Melissa Leonard originally filed a Complaint in the Court of Common Pleas of Allegheny County on February 18, 2014, asserting claims against the Defendants arising out of injuries she suffered when she sat on a porch swing displayed at Defendant Tractor Supply Company's store. The action was removed to this court on March 25, 2014.

Plaintiff asserts claims against Defendants for Negligence (Count 1); Strict Liability (Count 2), Products Liability in Negligence (Count 3); and Warranty (Count 4). Tractor Supply Company has filed a Motion to Dismiss for Failure to State A Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) as to Counts 2, 3, and 4. Specifically, Defendant argues that because Tractor Supply Company did not manufacture or sell the allegedly defective product it cannot be held liable under the theories of liability set forth in Counts 2 through 4. We agree, and for the reasons stated below, we will grant the motion and dismiss counts 2,3, and 4 asserted against Tractor Supply Company.

I.    **Relevant Factual Background**

The relevant facts are as follows. On March 1, 2012, Plaintiff Melissa Leonard was injured after a porch swing she sat on fell to the ground in the Tractor Supply Company store in Mt. Pleasant, Pennsylvania. The porch swing was on display in the store and was suspended by chains from above.

II.   **Standards of Review**

In ruling on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) , quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002), and citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007).

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting

Twombly, 550 U.S. at 556. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

If a court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips,: "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236, citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

### III. Discussion

Both sides agree that the Restatement (Third) of Torts would govern Plaintiff's claims in this case. "'[I]n the absence of a controlling decision by the Pennsylvania Supreme Court, a federal court applying that state's substantive law must predict how Pennsylvania's highest court would decide this case.'" Covell v. Bell Sports, Inc., 651 F.3d 357, 362 (3d Cir. 2011), quoting Berrier v. Simplicity Manufacturing, Inc., 563 F.3d 38, 45-46 (3d Cir. 2009). The Court of Appeals in Covell predicted that the Pennsylvania Supreme Court would adopt the Restatement (Third) of Torts.

Under the Third Restatement of Torts, Tractor Supply Company argues that because it did not sell or distribute a defective product it cannot be held liable under a theory of strict liability (Count 2), products liability in negligence (Count 3), or warranty (Count 4). In response, Plaintiff argues that her strict liability and product liability claims (and by analogy her warranty claim) are proper against Tractor Supply Company because the Company is one who *"otherwise distributes a product"* as defined in section 20 of the Restatement (Third) of Torts.

Section 20 states in relevant part as follows:

**§ 20 Definition of "One Who Sells or Otherwise Distributes"**

For purposes of this Restatement:

> (a) One sells a product when, in a commercial context, one transfers ownership thereto either for use or consumption or for resale leading to ultimate use or consumption. Commercial product sellers include, but are not limited to, manufacturers, wholesalers, and retailers.
>
> (b) One otherwise distributes a product when, in a commercial transaction other than a sale, one provides the product to another either for use or consumption or as a preliminary step leading to ultimate use or consumption. Commercial nonsale product distributors include, but are not limited to, lessors, bailors, and those who provide products to others as a means of promoting either the use or consumption of such products or some other commercial activity.

Restatement (Third) of Torts: Products Liability § 20 (1998).

Plaintiff acknowledges that Tractor Supply Company did not "sell" the swing to her, and is thus not 'one who sells a product in a commercial context.' Nonetheless, Plaintiff argues that Defendant is one who 'otherwise distributes a product' because "Tractor Supply Company assembled, displayed, and invited Plaintiff to use a product as a preliminary step leading to ultimate use or consumption as a means of promoting either the use of consumption of that product (i.e., a sale.)." P. Mem. Law 5.

Plaintiff notes that there are no Pennsylvania cases interpreting the Third Restatement, and therefore relies on Reporter's Note, comment b, to the Restatement, which states as follows:

> *b. Product sales and giveaways.* . . . Plaintiffs also have been able to recover for harm caused by defective products prior to actual purchase. *See, e.g.*, Barker v. Allied Supermarket, 596 P.2d 870 (Okla.1979) (implied warranty of merchantability in self-service store); Gillispie v. Great Atl. & Pac. Tea Co., 187 S.E.2d 441 (N.C.Ct.App.1972) (jury question on sale and implied warranty of bottle that exploded in self-service store before customer had paid for it). Although these cases were tried under the Uniform Commercial Code, they support the idea that the seller is liable when the product has been placed into the

stream of commerce even though the customer has not yet paid for it. The same reasoning would apply under strict products liability.

Restatement (Third) of Torts: Products Liability § 20, Reporter's Note, comment b.

The comment actually begins with the following statement: "Once something has been deemed to be a "product," it remains to be determined whether the product was "sold" or "otherwise distributed" by the defendant." Id. It then goes on to explain strict liability will attach to giveaways and products distributed free of charge because "title has passed to the consumer." Id. Extending the concept further, the cases cited in the comment center on whether there was an intention to contract for sale of the product, although title had not yet passed to the consumer. In the Barker case, cited in the comment, the court found that the circumstances were sufficient to create a contract of sale when a customer took possession of a soft drink bottle from a self-service display in the store, together with the customer's intent to pay for the bottle. In Gillespie, the court determined that it was for a jury to determine whether plaintiff purchased soft drink bottles by taking them into his possession with the intention of paying for them. Both these cases indicate that all that was missing from title passing to the customer was completion of the transaction for sale, presumably because the defect in the product caused damage, which prevented the customer from completing the transaction. This case is distinguishable because there is no allegation that Ms. Leonard ever intended to purchase the porch swing, as opposed to resting on the swing.

Other nonsale means of commercial distribution include distributors of demonstrator models. Restatement (Third) of Torts: Products Liability § 20, Reporter's Note, comment f. However, the examples cited in the commentary include situations where the demonstrator product is placed into the stream of commerce by the defendant providing the product to a specified intended customer (who presumably agrees to take possession of the product). The

examples provided in comment include a deep-fat fryer placed in a restaurant on a trial basis, an airplane, and a demonstrator fork-lift. This scenario is not applicable in this case.

More akin to the scenario in this case is Greenwood v. Busch Ent. Corp., 101 F. Supp. 2d 292, 295 (E.D. Pa. 2000), in which the plaintiff was injured while going down a water slide at an amusement park. The Greenwood Court found that there were no attributes of a sale, lease, or bailment; no relinquishment of control or possession of the slide to plaintiff; title to the slide had not passed to plaintiff; and plaintiff did not have the exclusive right to possess the slide. Id. The Court, applying Pennsylvania law, thus found that the strict liability claim against the amusement park could not be sustained under the Restatement (Second) of Torts § 402A, because the amusement park was not a seller.

Although the Greenwood Court made its finding under the Restatement (Second) of Torts, the Court also stated that "the language in the comments and notes to the Restatement (Third) of Torts, Chapter 4, section 20, "Definition of 'One Who Sells or Otherwise Distributes'" provides further support for this finding." Greenwood, 101 F.Supp.2d at 295. The Court explained as follows:

> The notes to comment d of section 20 of the Restatement (Third) of Torts, "Sales–Service Combinations," state that "[i]f the product is not used up or consumed, the transaction is usually not treated as a sale of a product, but rather as a service." Restatement (Third) of Torts: Prods. Liab. § 20 Reporters' Note, cmt. d at 291 (citing Coleman v. Charlesworth, 240 Ill.App.3d 662, 181 Ill.Dec. 391, 608 N.E.2d 464 (1992)(sightseeing balloon ride is a service); Siciliano[v. Capitol City Shows, Inc., 124 N.H. 719, 475 A.2d 19 (1984)] (amusement ride is a service, not a product); Allen v. Nicole, Inc., 172 N.J.Super. 442, 412 A.2d 824 (Law Div.1980)(amusement ride "pony cart" operator is more a provider of a service than a seller)). In addition, the notes to section 20, comment f, "Other Means of Commercial Distribution: Product Bailments," state that "[a]musement ride operators, ... are considered to provide a service, not a product, and thus are not held strictly liable." Restatement (Third) of Torts: Prods. Liab. § 20, Reporters' Note, cmt. f at 291 (citing Siciliano and Allen).

Greenwood v. Busch Ent. Corp., 101 F. Supp. 2d 292, 295 (E.D. Pa. 2000)

6

Perhaps the best case supporting Plaintiff's position is a case from New York in which the plaintiff sat in a display chair in defendant's store and was subsequently injured when the chair collapsed. Rivera-Emerling v. M. Fortunoff of Westbury Corp., 721 N.Y.S.2d 653, 654 (N.Y. App. Div. 1st Dept. 2001). The trial court had ruled in advance of trial that the strict liability claim would not be submitted to the jury because the plaintiff had not yet purchased the chair. Id. The Appellate Court reversed and remanded for a new trial, finding that when "a product is held out for sale and causes injury to a prospective purchaser who is using the product, a cause of action sounding in strict products liability may be cognizable." Id. at 654-655 (citing Delaney v. Towmotor Corporation, (2d Cir.), 339 F.2d 4; Restatement [Second] of Torts § 402A; Restatement [Third] of Torts § 20[b] & comment f; Prosser and Keeton on Torts, 5th ed., § 100 at 703).

While at first glance the Rivera-Emerling case appears to be similar to the present case, the facts in Rivera-Emerling are akin to cases where a customer has intended to purchase a product but is prevented from completing the transaction because the alleged defect in the product caused an injury. The Appellate Court explained that "plaintiff was interested in purchasing the chair, which was on display for sale, and was invited to sit on it by one of defendant's salesmen." Rivera-Emerling, 721 N.Y.S.2d at 654. Significantly, here there are no allegations in Plaintiff's Complaint (or Memorandum of Law in response to the motion to dismiss) that Ms. Leonard was interested in purchasing the porch swing, or that she was invited to sit on the swing by a Tractor Supply Company salesman.

Having reviewed the applicable case law and finding no Pennsylvania cases on point, we conclude that Pennsylvania courts would not extend strict liability to a defendant under the circumstances present in this case. In other words we conclude that Tractor Supply Company is

7

not a seller of the porch swing under the Restatement (Third) Torts § 20, because it did not "otherwise distribute" the porch swing so as to invoke strict liability. Therefore Plaintiff cannot maintain her strict liability and products liability claims against Tractor Supply Company. In addition, because we determine that Tractor Supply Company is not a "seller", Plaintiff's warranty claim also cannot be maintained against Tractor Supply Company. Accordingly, we will grant Tractor Supply Company's motion to dismiss Counts 2, 3, and 4.

## IV. Conclusion

For the reasons stated above we will grant Tractor Supply Company's motion to dismiss counts 2, 3, and 4 as asserted against them. We note that Plaintiff's claim of negligence against Tractor Supply Company asserted in Count 1 survives, as well as her claims asserted in Counts 2, 3, and 4 against the remaining Defendants. Because we are granting the motion to dismiss for failure to state a claim upon which relief can be granted, we "must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236. In this case, because we determine as a matter of law that Tractor Supply Company is not a seller under the Restatement (Torts) Third and therefore cannot be held liable for strict liability and warranty claims we find that a curative amendment to reassert such claims against Tractor Supply Company would be futile.

Date: January 28, 2015

Maurice B. Cohill, Jr.
Senior United States District Court Judge

8

## ORDER

AND NOW, to-wit, this 28th day of January 2015, for the reasons stated in the accompanying Opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendant Tractor Supply Company's Motion to Dismiss (ECF No. 9) is hereby GRANTED for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that Counts 2, 3, and 4 asserted against Defendant Tractor Supply Company are hereby DISMISSED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge